IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| LT. COLONEL JAICOURRIE FINLEY #1354674 | § § § | |
| V. | § § | A-10-CA-165-LY |
| VICE-PRESIDENT BIDEN, BILL GATES, GOVERNOR RICK PERRY, JOHN CORNYN, BRAD LIVINGSTON, DAVID MILIBAND, HAMID KARZAI, MOHAMMAD REZA ALI ZAMANI, JOHN "CHUCK" DOE 1, JOHN DOE 2, JOHN DOE 3, JOHN "COLONEL" DOE 4, RICK FERNANDES, AND MR. FLETCHER | § § § § § § § § § § | |

## REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

To:   The Honorable Lee Yeakel, United States District Judge

The Magistrate Judge submits this Report and Recommendation to the District Court pursuant to 28 U.S.C. §636(b) and Rule 1(f) of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrates, as amended, effective December 1, 2002.

Before the Court is Plaintiff's complaint. Plaintiff, proceeding pro se, has been granted leave to proceed in forma pauperis.

## STATEMENT OF THE CASE

At the time he filed his civil complaint, Plaintiff was confined in the Bill Clements Unit of the Texas Department of Criminal Justice - Correctional Institutions Division. Plaintiff alleges he was kidnapped from a TDCJ unit in February 2009 and was taken to the Cayman Islands. While at the Cayman Islands, Plaintiff alleges he was sexually assaulted by Vice President Biden, Bill Gates, Governor Rick Perry, Senator John Cornyn, Director Brad Livingston, Great Britain Foreign Secretary David Miliband, Afghanistan President Hamid Karzai, Afghanistan body guard Mohammad Reza Ali Zamani, several unnamed Secret Service agents, TDCJ Investigator Rick Fernandes, and TDCJ Roving Special Prosecutor Mr. Fletcher. Plaintiff indicates some of the defendants tried to kill him by dumping more than two tons of stones on him. Plaintiff requests $7,684,120.14 in punitive damages against each defendant, a transfer to federal prison, the appointment of a commission to rewrite TDCJ prison rape policies, a restraining order preventing the defendants to come within 11,000 miles of Plaintiff, the "revocation of State Department diplomatic card," "revocation of State Bar/State Board certifications," and a "judicial recommendation for articles of impeachment."

## DISCUSSION AND ANALYSIS

An in forma pauperis proceeding may be dismissed sua sponte under 28 U.S.C. § 1915(e) if the court determines the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief against a defendant who is immune from suit. A dismissal for frivolousness or maliciousness may occur at any time, before or after service of process and before or after the defendant's answer. Green v. McKaskle, 788 F.2d 1116, 1119 (5th Cir. 1986).

When reviewing a plaintiff's complaint, the court must construe plaintiff's allegations as liberally as possible. Haines v. Kerner, 404 U.S. 519, 92 S. Ct. 594 (1972). However, the plaintiff's pro se status does not offer him "an impenetrable shield, for one acting pro se has no license to harass others, clog the judicial machinery with meritless litigation and abuse already overloaded court dockets." Farguson v. MBank Houston, N.A., 808 F.2d 358, 359 (5th Cir. 1986).

A court may dismiss a claim as factually frivolous only if the facts are "clearly baseless, a category encompassing allegations that are 'fanciful,' 'fantastic,' and 'delusional.'" Hicks v. Garner, 69 F.3d 22, 25 (5th Cir. 1995). Plaintiff's claims fall within this category, and his complaint should be dismissed as frivolous.

## RECOMMENDATION

It is therefore recommended that Plaintiff's complaint be dismissed with prejudice as frivolous pursuant to 28 U.S.C. § 1915(e).

It is further recommended that the Court include within its judgment a provision expressly and specifically warning Plaintiff that filing or pursuing any further frivolous lawsuits may result in (a) the imposition of court costs pursuant to Section 1915(f); (b) the imposition of significant monetary sanctions pursuant to Fed. R. Civ. P. 11; (c) the imposition of an order barring Plaintiff from filing any lawsuits in this Court without first obtaining the permission from a District Judge of this Court or a Circuit Judge of the Fifth Circuit; or (d) the imposition of an order imposing some combination of these sanctions.

It is further recommended that Plaintiff should be warned that for causes of action which accrue after June 8, 1995, the Texas Department of Criminal Justice, upon receipt of a final order of a state or federal court that dismisses as frivolous or malicious a lawsuit brought by an inmate

while the inmate was in the custody of the Department or confined in county jail awaiting transfer to the Department following conviction of a felony or revocation of community supervision, parole, or mandatory supervision, is authorized to forfeit (1) 60 days of an inmate's accrued good conduct time, if the Department has previously received one final order; (2) 120 days of an inmate's accrued good conduct time, if the Department has previously received two final orders; or (3) 180 days of an inmate's accrued good conduct time, if the Department has previously received three or more final orders.  See, TEX. GOV'T CODE ANN. § 498.0045 (Vernon 1998).

It is further recommended that Plaintiff should be warned that if Plaintiff files more than three actions or appeals while he is a prisoner which are dismissed as frivolous or malicious or for failure to state a claim on which relief may be granted, then he will be prohibited from bringing any other actions in forma pauperis unless he is in imminent danger of serious physical injury.  See 28 U.S.C. § 1915(g).

## OBJECTIONS

Within 14 days after receipt of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636 (b)(1)(C). Failure to file written objections to the proposed findings and recommendations contained within this report within 14 days after service shall bar an aggrieved party from de novo review by the district court of the proposed findings and recommendations and from appellate review of factual findings accepted or adopted by the district court except on grounds of plain error or manifest injustice.  Douglass v. United Servs. Auto. Assoc., 79 F.3d 1415 (5th Cir. 1996)(en banc); Thomas v. Arn, 474 U.S. 140, 148 (1985); Rodriguez v. Bowen, 857 F.2d 275, 276-277 (5th Cir. 1988).

To the extent that a party has not been served by the Clerk with this Report and Recommendation electronically, pursuant to the CM/ECF procedures of this District, the Clerk is ORDERED to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

SIGNED this 2nd day of April, 2010.

_____
ROBERT PITMAN
UNITED STATES MAGISTRATE JUDGE